# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON E. ERICKSON,<br><br>                          Plaintiff,<br>  vs.<br>COUNTRYWIDE FINANCIAL CORP., et al.,<br><br>                         Defendants. | CASE NO. 09cv0354 JM(RBB)<br><br>GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

       Defendants Countrywide Financial Corporation, Countrywide Homeloans, Inc., and Bank of America Corporation move to dismiss the complaint pursuant to Fed.R.Civ.P. 8 and 12(b)(6). Plaintiff Don Erickson opposes the motion. The only other defendant, Full Spectrum Lending, Inc. has yet to make an appearance. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted with 20 days leave to amend from the date of entry of this order.

## BACKGROUND

       The operative First Amendment Complaint ("FAC"), filed on March 21, 2009, alleges federal question jurisdiction pursuant to 28 U.S.C. §1331. The FAC alleges two state law causes of action for (1) violation of Cal. Bus. & Prof Code Section 17500 and

1  (2) violation of Cal. Bus. & Prof. Code Section 17200.[1]

2  Plaintiff's claims appear to be largely based upon a complaint filed by the California Attorney General against Countrywide in People v. Countrywide Financial Corp., LASC Case No. LC081846. (Def. Exh. A). The complaint at issue does not identify the particulars of Plaintiff's loan and other circumstances. Rather, the complaint appears to merely parrot the allegations made by the Attorney General. The complaint sets forth a series of allegations concerning hybrid ARM loans, 2/28 and 3/27 ARMs, 5/1, 7/1 and 10/1 ARMs and others. There is no indication in the complaint that Plaintiff has one of the identified loans or that Plaintiff was subject to any underwriting abuse identified in the complaint.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a

---

[1] While no federal claim is asserted in the FAC, it appears as if there is complete diversity of citizenship amongst the parties and the amount in controversy satisfies the jurisdictional minimum of 28 U.S.C. §1332. Upon amending the complaint, Plaintiff is instructed to clarify the basis for this court's subject matter jurisdiction.

1  cause of action, supported by mere conclusory statements, do not suffice." Id. The
2  defect must appear on the face of the complaint itself.  Thus, courts may not consider
3  extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950
4  F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly
5  submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co.,
6  896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

7       Courts must construe the complaint in the light most favorable to the plaintiff.
8  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710
9  (1996).  Accordingly, courts must accept as true all material allegations in the
10 complaint, as well as reasonable inferences to be drawn from them. Holden v.
11 Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of
12 law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In
13 Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

14      Finally, Rule 8 requires a plaintiff to "plead a short and plain statement of the
15 elements of his or her claim, identifying the transaction or occurrence giving rise to the
16 claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216
17 F.3d 837, 840 (9th Cir. 2000).

## DISCUSSION

19      The court concludes that Plaintiff's complaint fails to comply with Rule 8 and
20 Rule 12(b)(6).  The generalized allegations in the complaint are a virtual copy of the
21 complaint filed by the Attorney General of California against Countrywide.  Absent
22 specific allegations pertaining to Plaintiff's loans, the complaint fails to apprise
23 Defendants of the nature of the claims asserted against them such that they can prepare
24 an adequate answer.  Allegations that unspecified individuals related to Defendants
25 engaged in wrongful conduct against the public as a whole or, alternatively, against
26 unidentified third parties, simply fail to establish that Plaintiff, individually, is entitled
27 to relief.

28      The court notes that Plaintiff's opposition to the motion sets forth specific and

1 | additional details concerning his loans and interactions with Defendants. Consequently,
2 | the court grants Plaintiff 20 days leave to amend from the date of entry of this order.
3 | **IT IS SO ORDERED.**
4 | DATED: September 14, 2009

Hon. Jeffrey T. Miller
United States District Judge

cc:		All parties